No. 42.—WALLACE J. SMITH *v.* BENJAMIN F. LOGAN.

Two parties claim the same piece of property from the same source of title, the one deriving his title by purchase at private sale, and the other by purchase at a judicial sale under a mortgage, the existence of which was known to the purchaser at private sale at the time, and the evidence shows that the description of the property at the forced sale is the same as that in the private sale.   Held—That the purchaser at the forced sale can not be defeated in his title at a suit of the claimant at private sale, on the ground of want of sufficient description of the property at the public sale.

APPEAL from the Tenth District Court, parish of Caddo.   *Jones, J. Williamson & Levisee,* for plaintiff and appellant.   *T. T. & A. D. Land,* for defendant and appellee.

WYLY, J.   This is a suit to annul a judicial sale of a lot of ground in the city of Shreveport, on account of the insufficiency of the description of the property and for informalities in the sale.

In July, 1860, William M. Butler mortgaged to the defendant "the following described lots of ground in the town of Shreveport, to wit: In block twenty-seven (27), commencing at the corner of Lake and Marshall streets, running two hundred feet on Lake street and one hundred and fifty feet on Marshall street; also eighty feet on McNeill street, running back one hundred and fifty feet along an alley, thence eighty feet parallel with McNeill street, thence to McNeill street,
73

together with all the buildings and improvements thereon, except that portion of said property sold by said Butler to R. G. Lowe, as per record of Caddo parish."

The mortgage was duly inscribed in the mortgage office.

In May, 1861, the defendant foreclosed his mortgage and bought the property, the sheriff's proces verbal describing it just as it was described in the mortgage. The foreclosure and sale was made contradictorily with a curator *ad hoc* appointed by the court to represent Butler, the mortgager, who was an absentee.

In January, 1861, Butler sold to Marx Baer one of the lots which he had previously mortgaged to the defendant, and Baer sold it to the plaintiff. Plaintiff having thus acquired that one of the lots which lies on McNeill street, sues the defendant for the possession thereof, and to have the mortgage and sale to the latter declared void for want of proper description and for want of proper formalities in the alienation.

The defendant pleaded the general issue, admitted that he had a mortgage on the lot claimed by plaintiff, and averred that it was legally foreclosed, and he became the purchaser thereof.

There was judgment for the defendant, and the plaintiff has appealed.

Plaintiff acquired the property from Butler after the mortgage from Butler to the defendant had been executed and duly recorded; he is therefore presumed to have had notice of the mortgage.

He insists, however, that the mortgage itself was null for want of a sufficient description of the property.

Butler acquired the property from J. S. Cutliff in March, 1858, and the description in the mortgage is just the same as in the deed from Cutliff.

He mortgaged the property to the defendant, describing it identically as in the deed by which he acquired it. Plaintiff and the defendant both claim under Butler; the one is the vendee of Butler's vendee, the other is the purchaser under the foreclosure of a mortgage given by Butler on the same lot of ground.

We do not, however, consider the description in the mortgage fatally defective. The situation of the lot at the corner of Lake and Marshall streets, block 27, is sufficiently certain. The lot on McNeill street is also fixed as in block 27 by the reference made to the deed from "Butler to R. G. Lowe, as per record of Caddo parish." This reference and the description given sufficiently establishes the situation of the lot. The deed from Butler to Lowe was of record at the time of the mortgage; it was received in evidence on the trial, and it establishes the identity of the property.

In Laforest *v.* Barrow, 12 A. 148, it was held that "the title of a purchaser under foreclosure of the mortgage who takes possession, can not be defeated by an error in some of the boundaries, where the most important calls in the description are answered, and the identity of the

property is established *aliunde ;* particularly at the suit of a subsequent purchaser under the mortgager with notice."

As to the informalities, if any, in the foreclosure, they can not avail the plaintiff. He was without interest to arrest the executory proceedings by setting up defenses personal to the defendant in execution. The formalities in forced sales are for the protection of the defendant in execution, and not that of third parties to the proceeding.

It is therefore ordered that the judgment of the court *a qua* be affirmed with costs.